## In re INSPIRE INSURANCE SOLUTIONS, INC., and Inspire Claims Management, Inc., Debtors.

### No. 02–41228–DML.

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

May 17, 2006.

Lynnette R. Warman, Martha S. Allen Jenkens and Gilchrist, Dallas, TX, for Debtors.

## *ORDER APPROVING TRUSTEE'S MOTION FOR DISTRIBUTION OF TRUST ASSETS* (Docket No. 1071)

RUSSELL F. NELMS, Bankruptcy Judge.

On this day came on for consideration the Motion to Approve Procedures for Distribution of Trust Assets (the *"Distribution Motion"*) filed by Michael G. Lawrence, Liquidating Trustee for the INSpire Creditors Trust (the *"Trustee"*). The Court has entered separate Findings of Fact and Conclusions of Law (*"Findings"*) in connection with the Distribution Motion, to which reference is here made for all purposes. Defined terms in the Findings shall be given the same meaning when used in this Order. References herein to Exhibits "A" and "B" shall refer to such Exhibits as attached to the Findings. Based on the Findings entered of record by the Court on May 17, 2006, the Court finds that the Distribution Motion is well-taken and should be granted.

Accordingly, it is hereby ORDERED that:

1. The Motion is hereby GRANTED.

2. The Claims reflected in Exhibit "A" (the *"Allowed Claims"*) shall be allowed in the respective amounts set forth therein as Claims entitled to a prorata distribution from the INSpire Trust. The amount of the Allowed Claims reflected in Exhibit "A" shall be finally fixed for all purposes in the respective amounts reflected in Exhibit "A", subject only to the Trustee's right, as set forth below, to move to correct any error in the list of Allowed Claims.

3. If the Trustee discovers an error in the list of Allowed Claims, the Trustee may move the Court to correct any such mistake upon notice only to the creditors whose Claims are the subject of the mistake. This includes adding or deleting creditors to or from the list, or increasing or decreasing the allowed amount of any Claim as reflected in Exhibit "A". However, only the Trustee shall have standing under this provision to correct the list of Allowed Claims reflected in Exhibit "A". Any other party seeking to do so, or otherwise seeking to modify or obtain relief from this Order, must comply with applicable law for relief from this Order, and shall have no right or standing pursuant to this provision.

4. The holders of the remaining unresolved Claims against the INSpire Trust (the *"Unresolved Claims"*) listed in Exhibit "B" shall be deemed to constitute the only creditors other than those holding Allowed Claims who may assert Claims against the INSpire Trust. While the holders of the Unresolved Claims are not precluded from amending their proofs of claim in accordance with applicable law, and the INSpire Trust is not precluded

from objecting to any such amendment, the amount for which their respective Claims may be allowed is hereby capped at the respective amounts appearing in Exhibit "B", and the allowed amount thereof shall never exceed the respective amounts set forth in Exhibit "B". Likewise, if the Trustee discovers any omissions from the list of Unresolved Claims reflected in Exhibit "B", the Trustee may move the Court to add additional creditors. However, standing to do so shall be exclusively vested in the Trustee, and any other creditor seeking relief from this Order must do so pursuant to other applicable law, and shall have no standing or right pursuant this provision.

5. None of the Allowed Claims or Unresolved Claims (collectively, the "*Aggregate Claims*") are entitled to any priority of distribution, and all are entitled to a pro rata distribution from the INSpire Trust to the extent ultimately allowed.

6. The Aggregate Claims are hereby finally fixed and determined to constitute the complete universe of all Claims against the INSpire Trust, subject to the Trustee's power to correct any errors as set forth above. No other claimants, other than the holders of Claims reflected in Exhibits "A" and "B" and which constitute the Aggregate Claims, shall be allowed to assert any Claim against, or to receive any distribution from, the INSpire Trust. All other Claims against the INSpire Trust are barred.

7. Based on the Trustee's projected distribution of approximately 40% to all holders of Claims which are ultimately allowed, the Trustee is hereby authorized to make interim distributions to the holders of Allowed Claims as listed in Exhibit "A", but not to exceed 20% of each of the Allowed Claims reflected therein. If any of the Unresolved Claims reflected in Exhibit "B" become Allowed Claims through settlement or litigation, the Trustee may make a distribution to such persons not to exceed 20% of their respective Allowed Claims. The Trustee may, in the exercise of his sole discretion, use a lower percentage for the interim distribution, but the lower percentage must be uniformly applied to all such Allowed Claims. The foregoing notwithstanding, Claims reflected as Allowed Claims for $2,500 or less, and which are part of the Class 3 Convenience Claims under the Plan, shall be paid in full.

8. The Trustee is hereby fully exculpated from acting in reliance on this order. If, for any reason, other and additional Claims arise which are not included in the Aggregate Claims, and such other and additional Claims later become Allowed Claims, the Trustee will have no liability with respect to such other and additional Claims for distributions made in accordance with this order.

9. The Court will retain jurisdiction to enter all such other and further orders as may be necessary regarding final distribution of the INSpire's Trust's assets or the enforcement and construction of this Order.

10. This Order shall be served by the Trustee on all known creditors no later than the second business day after the entry of this order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING TRUSTEE'S MOTION FOR DISTRIBUTION OF TRUST ASSETS
(Docket No. 1071)

On May 17, 2006 came on for consideration the Motion to Approve Procedures for Distribution of Trust Assets (the "*Distribution Motion*") filed by Michael G. Lawrence, Liquidating Trustee for the INSpire Creditors Trust (the "*Trustee*"). After considering the pleadings, the evidence and the argument of counsel, the Court makes the following Findings of

Fact and Conclusions of Law related to the Distribution Motion.

### Appearances

1. The hearing on the Distribution Motion was originally noticed out, both by publication and through actual notice, for 9:30 a.m. on May 16, 2006. The hearing setting was later changed to 1:30 p.m. on May 17, 2006. New notice of the hearing was then served on all known creditors (Docket # 1085). However, because it would be impractical to attempt to give additional notice by publication of the re-scheduled hearing date, counsel for the Trustee appeared at the original hearing date at 9:30 a.m. on May 16, 2006. The Distribution Motion was called in open court and, other than counsel for the Trustee, no one appeared. The hearing was then recessed and resumed at 1:30 p.m. on May 17, 2006. At the resumed hearing, no one other than the Trustee and his counsel appeared.

### Jurisdiction

2. This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. section 1334. This case and all related matters have been referred to this Court pursuant to 28 U.S.C. section 157. This Distribution Motion constitutes a "core" proceeding pursuant to section 157(B)(2)(A) and (O).

### Notice of Distribution Motion

3. On March 31, 2006, April 1, 2006 and April 4, 2006, the Distribution Motion was served on all parties that either filed a proof of claim or otherwise asserted a claim against the Debtors. During that same period, the Distribution Motion was also served on all creditors reflected in the Debtors schedules. The Distribution Motion was served by depositing the envelopes containing the Distribution Motion into the United States Mail, postage prepaid, for delivery upon the individuals and entities reflected in the certificate of service.

4. The service of the Distribution Motion by the Trustee on all known creditors as set forth above constitutes good, adequate and sufficient notice of the Distribution Motion on such creditors.

5. On April 3, 2006, the Trustee filed his Motion to Approve Proposed Form of Notice by Publication and Publication Procedures (the "Publication Motion") (Docket No. 1072) in order to provide notice by publication to: (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Trustee; (b) known creditors with addresses unknown by the Trustee; and (c) creditors with potential claims whose specific identity is unknown to the Trustee. Attached as Exhibit A to the Publication Motion was a copy of the proposed Notice of Filing of and Hearing on Trustee's Motion to Approve Procedures for Distribution of Trust Assets.

6. The Court entered an Order Approving Proposed Form of Notice by Publication and Publication Procedures (Docket # 1073) on April 4, 2006 (the "Publication Order") approving the form and manner of notice by publication of the Distribution Motion to unknown creditors pursuant to Fed. R. Bankr.P. 9008. Pursuant to the Publication Order, the Trustee gave notice by publication to unknown creditors. As reflected in the Certification of Publication Regarding Publication of Notice of Filing and Hearing on Trustee's Motion to Approve Procedures for Distribution of Trust Assets (Docket # 1083) filed on May 1, 2006, notice of the Distribution Motion was published, using the form of notice approved in the Publication Order, on April 10, 2006, nationally in The Wall Street Journal (National Edition), in California in the Los Angeles Times and the San Diego Union

*Tribune,* and locally in the *Dallas Morning News* and the *Fort Worth Star Telegram.*

7. The Debtors' primary places of business were located in Fort Worth, Texas, and San Diego, California. The above notice by publication is sufficient to provide notice of the Distribution Motion to all unknown creditors of the Debtors. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). However, a determination as to whether a specific creditor is an unknown creditor will depend upon the circumstances and must be determined on a case-by-case basis. Consequently, these findings of fact and conclusions of law, and the order entered in connection herewith, make no determination as to whether any creditor is known or unknown, and thus subject to notice by publication. That issue will be determined later, should it arise, on a case-by-case basis.

### Procedural Overview

8. On February 15, 2002, the above bankruptcy cases were commenced pursuant to Chapter 11 of Title 11 of the United States Code by INSpire Insurance Solutions, Inc. and INSpire Claims Management, Inc. (collectively the *"Debtors"*). The Debtors continued to operate their business and hold their property as debtors-in-possession pursuant to section 1107(a) and 1108(a) of the Bankruptcy Code.

9. On November 13, 2002, the Court confirmed the First Amended Plan of Reorganization of INSpire Insurance Solutions, Inc. and INSpire Claims Management, Inc. (the *"Plan"*) (Docket # 572). Pursuant to the Plan, the Debtors sold substantially all of their operating assets, and the proceeds from such sale, as well as any remaining assets in the Debtors' estates, were transferred into a trust (*"INSpire Trust"*) created pursuant to the Plan. The Trustee acts as Trustee of the INSpire Trust.

10. The Effective Date of the Plan, as set forth therein, was November 26, 2002. The INSpire Trust was created at about that same time.

11. As set forth in the Plan, the Trustee acts as Trustee for the INSpire Trust. Pursuant to the Plan, the Trustee is authorized to make distribution to holders of Allowed Claims and interests as set forth in Article 7 of the Plan.

12. As used herein, the terms *"Claim"* or *"Claims"* shall refer to all claims as defined in section 101(5) of the Bankruptcy Code arising prior to the Effective Date of the Plan, including without limitation both claims entitled to priority of distribution and general unsecured claims. Such terms do not include claims arising after the Effective Date of the Plan, including those by persons providing goods, services or other value to the Trust.

13. Since the INSpire Trust was constituted, the Trustee has attempted to identify, object where appropriate, and ultimately pay, any Claims which were entitled to priority of distribution, such as certain Claims for unpaid wages. The Trustee was also forced to litigate several substantial Claims which asserted various rights to priority of payment. This includes certain Claims asserted by IBM, Tokio Marine Management and Connecticut General Insurance Company. These substantial Claims have all been resolved either through litigation or settlement.

14. One of the largest Claims against the INSpire Trust was asserted by Sul America Companhia Nacional de Seguros

("*Sul America*"), for an amount of in excess of $5.2 million. Because of the size of this Claim, and the potential costs of litigation incident to the Claim, no partial or preliminary distributions were possible to creditors until this Claim was resolved. However, the Sul America Claim has been resolved through settlement. In addition, most of the Claims asserted against the INSpire Trust have been resolved either through settlement or litigation. Therefore, while several substantial Claims still remain for resolution, the Court finds that it is appropriate for the Trustee to make an initial distribution while the final remaining Claims are being resolved.

### Allowed Claims

15. Through the date of the hearing on the Trustee's Distribution Motion, the Claims reflected in Exhibit "A" hereto (collectively the "*Allowed Claims*") have been allowed in the respective amounts set forth therein. The Allowed Claims total approximately One Million Nine Hundred Sixty–Six Thousand Three Hundred Sixty and 37/100 Dollars (*$1,966,360.37*).

### Unresolved Claims

16. Through the date of the hearing on the Trustee's Distribution Motion, the remaining unresolved Claims (collectively the "*Unresolved Claims*") against the INSpire Trust are reflected in Exhibit "B" hereto. The asserted amount of the Unresolved Claims total approximately One Million Two Hundred Twenty–Nine Thousand Four Hundred Eighty–Eight and 37/100 Dollars (*$1,229,488.37*).

17. The Allowed Claims and Unresolved Claims are sometimes collectively referred to herein as the "*Aggregate Claims*".

### Entirety of Claims Against Debtors

18. Because of the size of the Claim asserted by Sul America, and the huge potential costs of such litigation, prior to the resolution of that dispute no distribution to creditors, even on an interim basis, was feasible. However, with the resolution of the Sul America Claim, the Court finds that a partial distribution to creditors holding Allowed Claims is now feasible. Such a distribution from a finite pot of funds directly depends upon fixing the total universe of all creditors, i.e., the amount of the Aggregate Claims, which might potentially participate in distributions from the INSpire Trust.

19. Accordingly, the Court finds that the Claims reflected in Exhibits "A" and "B", and which constitute the Aggregate Claims, represent the entire universe of all potential Claims against the INSpire Trust, both Allowed and Unresolved, and which may be potentially entitled to any distribution from the INSpire Trust. Subject to the Trustee's right to move to correct the lists of creditors included in Exhibits "A" and "B", no creditors, other than those included in the Aggregate of Claims, shall be entitled to assert Claims against the Trust. All other holders of Claims shall be barred from any further distribution from the Trust.

### Approval of Distribution Procedures

20. As set forth in the separate Order Approving Trustee's Motion for Distribution of Trust Assets, the Court finds that the Trustee's Distribution Motion should be granted.

21. The Court finds that the Allowed Claims reflected in Exhibit "A" should be allowed in the respective amounts set forth therein as Claims entitled to a prorata distribution from the INSpire Trust. The amount of the Allowed Claims reflected in Exhibit "A" should be finally fixed for all purposes at the amount reflected in Exhibit "A", subject only to the Trustee's right,

as set forth below, to move to correct any error in the list of Allowed Claims.

22. If the Trustee discovers an error in the list of Allowed Creditors, the Trustee may move the Court to correct any such mistake upon notice only to the directly affected creditors. This would include adding or deleting creditors to the list, and increasing or decreasing the allowed amount of any claim as reflected on the list. However, only the Trustee will have standing to correct the list of Allowed Claims. Any other party seeking to do so must comply with the applicable law for relief from the order granting the Distribution Motion, and may not take advantage of or use this provision for relief from such order.

23. The Unresolved Claims listed in Exhibit "B" should be deemed to constitute the only creditors other than the Allowed Claims who may assert Claims against the INSpire Trust. While the holders of the Unresolved Claims are not be precluded from amending their proofs of claim in accordance with applicable law, and the INSpire Trust is not precluded from objecting to any such amendment, the amounts for which their respective Claims may be allowed are capped at the amounts appearing in Exhibit "B", and the allowed amount of such Claims may not exceed the respective amounts set forth in Exhibit "B". Likewise, if the Trustee discovers any omissions from the list of Unresolved Claims, the Trustee may move the Court to add additional creditors. However, standing to do so shall be solely vested in the Trustee, and any other creditor seeking relief from the order granting the Distribution Motion must do so pursuant to other applicable law, and may not take advantage or make use of this provision.

24. None of the Aggregate Claims are entitled to any priority of distribution, and all are entitled to a pro rata distribution from the INSpire Trust to the extent ultimately allowed.

25. The Aggregate Claims is fixed and determined as the complete universe of all Claims against the INSpire Trust, subject only to the Trustee's power to correct any errors. No other claimants, other than the holders of Claims reflected in Exhibits "A" and "B", and which constitute the Aggregate Claims, shall be allowed to assert any Claim against the INSpire Trust, as a creditor of either of the Debtors, or by virtue of the Plan.

26. The Trustee projects a distribution of approximately 40% of all Claims which are allowed. The Court therefore finds that it is appropriate to authorize the Trustee to make interim distributions to those creditors listed in Exhibit "A", or which may be hereafter allowed, not to exceed 20% of the Allowed Claims reflected therein. The Trustee may, in the exercise of his sole discretion, use a lower percentage for the interim distribution. In addition, as the Unresolved Claims reflected in Exhibit "B" become Allowed Claims through settlement or litigation, the Court also finds that it is appropriate to allow the Trustee to make a distribution to such persons not to exceed 20% of their respective Allowed Claims.

27. The Court will retain jurisdiction to enter all such other and further orders as may be necessary regarding final distribution of the INSpire's Trust's assets.

28. The above Findings of Fact shall also constitute Conclusions of Law, as appropriate, and vice versa.